**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Thorstenson, et al., | No. CV-25-02413-PHX-SHD |
| Plaintiffs, | **ORDER** |
| v. | |
| Unknown Parties, et al., | |
| Defendants. | |

This matter was initiated on July 9, 2025, upon receipt of Plaintiff Keith Thorstenson's[1] Petition for Writ of Mandamus. (Doc. 1.) Over the course of the next several weeks, Thorstenson proceeded to file eight documents, which prompted the Court to issue an order cautioning him that parties are not permitted to engage in serial briefing and striking notices that (a) did not fall within the limited categories of notices authorized or required by the Rules or (b) did not request relief such that they could be construed as motions. (Doc. 12.) Thorstenson continued to excessively file notices and other unauthorized documents, resulting in the Court striking eight additional filings. (Docs. 26, 28.)

On August 15, 2025, the Court dismissed Plaintiffs' Petition for lack of subject matter jurisdiction without leave to amend and denied twelve other motions/applications

---

[1] Plaintiff initially filed this case as "Keith Thorstenson." Later, Plaintiff stated that Thorstenson was "the former legal name of Plaintiff Keith Anthony Hartl." (Doc. 32 at 1.) The Court denied Thorstenson's request to amend the caption to reflect his alleged stated legal name. (Doc. 35 at 1 n.1.) For clarity, Plaintiffs Keith Thorstenson and Paul Hartl are individually referred to as Thorstenson and Hartl.

accordingly. (Doc. 35.) Judgment was entered, and the case was closed. (Doc. 36.)

Since entry of judgment, Plaintiffs have submitted 57 separate filings, (Docs. 38–72, 74–75, 77–86, 88–97), including a Notice of Appeal, (Doc. 57), which has been twice amended, (Docs. 65, 71). Plaintiffs also filed three motions to vacate or reconsider the Court's Order dismissing the Petition. (Docs. 40, 41, 66.)

Upon the filing of a Notice of Appeal, jurisdiction generally transfers from this Court to the Court of Appeals. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The Court retains jurisdiction to rule on post-judgment motions filed under Rules 59 or 60, however. *See* Fed. R. App. P. 4(a)(4)(B)(i) (providing that a notice of appeal filed after a Rule 60 motion is filed but before the district court disposes of the motion becomes effective once the district court resolves the motion); *Schroeder v. McDonald*, 55 F.3d 454, 458 (9th Cir. 1995) ("[W]hen a notice [of appeal] is prematurely filed, it shall be in abeyance and become effective upon the date of entry of an order disposing of the Rule 59(e) motion.").

The Motion to Vacate the Court's Dismissal Order, (Doc. 40), Notice of Motion for Reconsideration, (Doc. 41), and Motion to Vacate the District-Court Dismissal, (Doc. 66), are construed as requests to alter or amend the judgment or for relief from judgment, and thus are considered filings under Rules 59 or 60. *See Schroeder*, 55 F.3d at 458–59 (holding motion for reconsideration brought under local rules was considered a Rule 59(e) motion). The Court has jurisdiction to rule on these motions. (*See* Doc. 9.1 at 1, *Thorstenson v. Unknown Parties*, No. 25-5782 (9th Cir. Oct. 14, 2025) (staying proceedings pending resolution of two of these motions).)

Construed liberally, Plaintiffs' first motion argues that the Court should vacate its dismissal because the Court did not have jurisdiction to dismiss the Petition for lack of jurisdiction or to strike Plaintiffs' improperly-filed notices. (*See* Doc. 40 at 4.) This

argument lacks merit. *See, e.g.*, *Brownback v. King*, 592 U.S. 209, 218 (2021) ("[A] federal court always has jurisdiction to determine its own jurisdiction . . . ." (citation omitted)); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have jurisdiction to strike filed documents "pursuant to its inherent powers" to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))). The first motion is therefore denied.

In the second motion, Plaintiffs argue that the *Rooker-Feldman* doctrine does not bar the Petition because the "relief sought is . . . not a collateral attack . . . on the State Court judgment but a []compelled[] action to . . . correct a jurisdictional overreach," as the "State Court order was entered []without[] jurisdiction over the parties." (Doc. 41 at 4; *see also id.* at 6 ("Plaintiffs respectfully request that the Court . . . grant . . . the petition for a writ of mandamus . . . to compel the Maricopa County Superior Court to vacate the unauthorized order.").) Plaintiffs thus confirm that they seek an order compelling a state court to vacate its judgment based on legal errors the state court allegedly committed, which this Court has explained it lacks jurisdiction to do. (*See* Doc. 35 at 5–6.) *See also Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.").

Plaintiffs also argue that their "Second Amended Complaint" was "improperly classified" as a motion for leave to amend because they may amend once as a matter of right, so they argue the Court improperly denied Plaintiffs leave to amend. (Doc. 41 at 4.) They request leave to file a supplemental complaint to "[r]eassert the . . . mandamus . . . claim" and other statutory claims. (*Id.* at 4–5.) Plaintiffs misunderstand the Court's Order. The Court denied Plaintiffs' motion for leave to file a First Amended Complaint, (Doc. 35 at 7), which was filed before Plaintiffs filed their Second Amended Complaint, (*see* Doc. 4).

Further, the motion for leave to amend was discussed in the context of whether the Court should grant leave to amend after dismissing Plaintiffs' Petition. (Doc. 35 at 7.) Because Plaintiffs' proposed amended pleadings would "in essence [have] constitute[d] a new action, consisting of entirely different defendants and claims," amendment was not proper. (*Id.*) Plaintiffs ignore that their proposed amended pleadings were nonsensical: they appeared to either start a new action or amend the pleading in a different case. The proposed First Amended Complaint "added many defendants, none of which included [the sole defendant named in the Petition], and added new claims, none of which included the allegations or requested relief set forth in the Petition"; the requested amendment was to add a single defendant and "add [several] paragraphs to the First Amended Complaint" that did not exist. (*See id.* at 2–3 (second alteration in original).) The Second Amended Complaint was styled similarly. (*See id.* at 3.) Plaintiffs thus did not file "amended" pleadings, but rather pleadings for an entirely new case. (*Id.* at 7.)

Finally, Plaintiffs' renewed request to file a supplemental pleading is denied. (Doc. 41 at 4–5.) Plaintiffs confirm their supplemental pleading would combine the claims in their Petition with their proposed other claims, which is not the proper use of a supplemental pleading. (*See* Doc. 35 at 7.) The second motion is therefore denied.

As for the third motion, it is unclear whether the Court has jurisdiction to resolve it because Plaintiffs filed it after they filed the Notice of Appeal. (*Compare* Doc. 66 (motion to vacate), *with* Doc. 57 (Notice of Appeal).) On the one hand, district courts lack jurisdiction to resolve motions to vacate filed after a notice of appeal. *United States v. Vroman*, 997 F.2d 627, 627 (9th Cir. 1993) (per curiam) (holding that a district court lacks jurisdiction over a motion for reconsideration filed after a notice of appeal). On the other hand, the Notice of Appeal Plaintiffs filed has not yet become effective because of the pending post-judgment motions. *See Schroeder*, 55 F.3d at 458. Because the Ninth Circuit stayed its proceedings pending this Court's resolution of this motion, however, the Court addresses it.

In the third motion, Plaintiffs argue that the Court should "vacate its own

judgment" because the dismissal was "obtained through . . . fraudulent concealment," "obtained in the presence of economic duress," and based on an "incorrect legal premise," all because the City of Phoenix allegedly enacted a void ordinance. (Doc. 66 at 1–4.) The conduct of which Plaintiffs complain has nothing to do with the allegations or claims in the Petition, and conduct by non-parties is not properly before the Court and does not cure the jurisdictional defects raised in the Court's Order. The third motion is thus denied.

The Court denies all other pending motions because it lacks jurisdiction to rule on them now that it has ruled on Plaintiffs' post-judgment motions. *See* Fed. R. App. P. 4(a)(4)(B)(i); Fed. R. Civ. P. 62.1(a)(2) (providing that a district court may deny a motion if "made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending").

Finally, Plaintiffs will be prohibited from filing any other documents in this action except in furtherance of their appeal. As set out in this and other Orders, Plaintiffs have filed dozens of improper or unauthorized documents, the majority of which they filed after this case was closed. Not only have Plaintiffs done this in violation of the Court's previous Order, (Doc. 12), but these filings have taken up a significant and unnecessary amount of this Court's resources to process and resolve, both because of their filings' volume and incoherence.

Further, Plaintiffs yesterday filed a document purporting to be an order of this Court granting them a preliminary injunction, temporary restraining order, and asset seizure. (Doc. 88.) It was not styled as a proposed order, (*id.* at 1), nor does it appear Plaintiffs intended it to be one, given that it was backdated to October 17, 2025, (*id.* at 1, 5), which was several days after they filed the motion to which this purported order pertains, (*see* Doc. 83). Several other documents they filed with it follow this same pattern. (*See* Docs. 91, 92, 93, 94.) These documents will be stricken and sealed and, in light of Plaintiffs' egregious conduct, the Clerk of Court will be instructed to not accept any additional filings in this closed case unless the filing is made in furtherance of their

appeal.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motions to vacate (Docs. 40, 66) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for reconsideration (Doc. 41) is **denied**.

**IT IS FURTHER ORDERED** that Docs. 38, 42, 46, 47, 48, 51, 52, 56,[2] 58, 59, 61, 68, 74, 78, 79, 83, 84, 85, and 90 are **denied** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' filings purporting to be orders of this Court (Docs. 88, 91, 92, 93, 94) are **stricken**, and the Clerk of Court is directed to seal the documents.

**IT IS FURTHER ORDERED** that the Clerk of Court shall accept no further filings in this matter except in the furtherance of the appeal.

**IT IS FURTHER ORDERED** that this case shall remain closed.

Dated this 28th day of October, 2025.

_____
Honorable Sharad H. Desai
United States District Judge

---

[2] Although not styled as such on the docket, this document is a motion.